Mr. Matthews is not appearing, but you are here. Does the court mind if I have my bottle at the podium? No, no, that's fine. Do you mind if we have the bottle at our podium? No, no. Some of the district court judges only like cups. Yes. You're at risk because often only one party shows up. The party gets all the questions. That's one of the benefits of being last, Your Honor. May it please the court. Good morning, Your Honor. Selena Duarte on behalf of the United States. I represented the government below also in this case. Do you want the questions to start now or do you want me to let you get going? Well, Your Honor, now is fine, I think. The prosecutor can charge, and you have discretion. You can do whatever you want to do. If the judge doesn't like the way you've charged, the judge can't come to us, can he, and say, this should have been charged as a conspiracy, for example. He must proceed. His only remedy is sentencing. He has discretion to sentence. Now, we have restrictions on how and why, but let's assume he has a situation where A had an idea, and it's criminal without a doubt, but he can't do anything about it, and it must only remain an idea unless he finds a chemist who can do what he wants done. So he finds a chemist who can do what he wants done, but he can't do anything yet unless he finds a buyer who will say, these pills come close enough, so I'll buy them. But it takes all three of them to make the crime. Then the judge looks and he says, I can't say to A, you should have been charged with a felony. You are only going to have a misdemeanor conviction. B, you are going to have a felony conviction. I can't do anything about that because the prosecutor has discretion. Seven felonies. And I can't do anything about the buyer because he wasn't charged. The only thing I can do is try to equalize the sentences. And then the prosecutor comes in and says, nope, you can't do that either. I'm going to make the court of appeals reverse because we've got the cases. You didn't do what we think you should have done, and you're going to do it. The court's unhappy because he thinks this is a conspiracy. And in your experience, haven't you seen crimes of this type charged as a conspiracy? I have, Your Honor, but I think there are. And when they are, it doesn't make any difference who had the idea and who did this and who did this. The co-conspirators were all in the bunch together, aren't they? Certainly under certain circumstances. So the judge did the only thing he could do, and you were saying, wait a minute, we're not satisfied. Well, respectfully, Your Honor, and I mean it because that's an excellent question, and it is a scenario. I don't do this anymore, but I used to do narcotics prosecutions. I did them for five years. So it certainly is a scenario that we would see fairly often. And you're quite correct that at the time of sentencing, at that point, particularly under the old guidelines regime, which we're all a lot more intimately familiar with than what's going on now. Come out with more than we wanted. Now it's kind of a new world, which I'll get to in just a minute. But certainly under the old guideline regime, that's when the considerations like minor role, major role, how much of the drug quantity that actually ended up being distributed was reasonably foreseeable, that kind of a thing. And even back then, the judge could consider those things, and then he would impose disparate, and I don't mean that in a negative way, but different sentences. And another thing that he would also consider, and under the guidelines he was mandated to consider on government motion, and now we would argue that it would be unreasonable for him not to consider, would be cooperation, which we also saw fairly often in those types of cases. Let me submit to you, Your Honor, that in this particular case, the factual scenario which you present, although not inaccurate, only encompasses a very tiny part of the criminal conduct that went on here. And the reason, this is a fact which perhaps, and this might be my fault, perhaps it's not easily seen from the record. Well, I'm not suggesting that we got the whole thing in that little summary. Okay. I am suggesting that unless the guy with the idea had found a chemist who could execute, he'd just have an idea. But let me submit this to you, Your Honor. The guy with the idea to manufacture in late 2002 was the same guy that back in June 2001 had enough counterfeit Viagra at his disposal to begin selling relatively small amounts to Srulevich. Now, I know what you're going to say. You're going to say, that also makes Srulevich even more culpable. But if you don't mind clearing me out just for a minute. If it hadn't have been for Mr. Huang, for the defendant in this case, and his acquisition, and I don't know how he did it at this point. This is prior to the investigation revealing how he did it. But it was obviously either by importing or manufacturing counterfeit Viagra. He acquired it, and we know he was acquiring it prior to June 2000, because we know of the conduct between June 2000 and February 2001, which consisted of limited sales to Mr. Srulevich. We know that that also was Srulevich's criminal conduct, and it ended there. Then we know because of no fewer than three interceptions of parcels in an eight-day period, containing in that eight-day period more counterfeit Viagra than we'd seen sold by Srulevich, through Srulevich by Huang, during that entire earlier time period. We see that imported in, and we see it going to mail drops, which through a long investigation we determine are to folks that are associated with Mr. Huang, and mail drops in apartments that are associated with friends and with him, but never directly to him. Then, after that, we serve a search warrant with a controlled delivery in February 2002 on the Produce Club. And again, this is all after this very limited sale from Srulevich. You don't have to go all the way down the road. I think the reason you're here is because he says this is discrimination based on whatever. And you're saying, I expect, well, that has to be speculation because there's nothing in here. It says it's just a coincidence, this and this and this and that. But I'm concerned about what a judge can do when a judge is unhappy with what a prosecutor has done, and he can't do anything except correct a sentence. He can't come and say, this is conspiracy, court of appeals, send it back, and charge all these rascals. He says, I can't touch it. He can't say, you won't be guilty of a felony, and the guy who was culpable, maybe not equally, but certainly significantly, sufficiently, is also guilty of a felony. He's going to always be able to say, I'm guilty of a misdemeanor. The only thing a judge can do is reflect the sentence in discrepancy. And I'm not suggesting the reason why. I don't know why. I just know what the record shows. That's what we have to decide, don't you think? Yes, Your Honor. But under those exact circumstances, and even assuming that the district court had a factual basis, for instance, that the circumstances were pretty much limited to what you described already as narrow earlier. I'm not saying they were, but let's assume that they were. Yes. His remedy would have been, then, to make an adequate and sufficient consideration of the applicable guideline range, which, although he did some lip service to, I submit that the judge Well, he might have decided it's not mandatory anymore, so I can go down the road. I think Judge Real well may have decided that. Well, we know Judge Real. Yes. Do you think that if we reverse this, the result's going to be any different on remand? Well, that's a very, very good question, Your Honor. And let me say this. It's likely to happen. The recitation of the statute will occur. The same sentence will be imposed, and then we will just be back here on a reasonableness inquiry. It's possible that that will occur, but, Your Honor, respectfully, that won't make it right. And the reason Well, I'm not saying it's right. I'm just saying, I just asked you, isn't it likely what's going to happen on remand? Certainly, given this, certainly it could happen, yes. And although I'm glad you couched it as you did. Considering all the facts in this picture. But that leads me to the second question, and that's a more global issue on all this. I mean, the district court judges obviously would like more leeway on sentencing. They don't like it when we say you've got to recite all these factors, and then we reverse them and go through resentencing, and often the government doesn't like that. So, well, no, we can see from the record that the district judge considered them. That's the usual argument. Yes. And, frankly, it disturbs me sometimes when we reverse and we say, well, the district judge didn't tick off all these things, didn't recite them, when you know that, generally speaking, that's elevating form over substance. Well, particularly, if I may, Your Honor, particularly in the case of what you probably see, and I think I know because I see a lot of them as well, are appeals where you have a defense appealing a sentence, which they think should have been lower, but which is right around or not significantly higher or lower than the guideline range. And I think that the case law, some of the case law I've cited and that's spoken to, indicates that the closer a sentence is to the guideline range, because the guideline range represents, pardon me if some would disagree, but represents... I don't disagree. This is lower than the guideline range without a doubt. Right, 20 years of reasoned and all this and all that. And the 18-level increase for the recount... In addition to being lower, he's accused the prosecutor of, I don't know what you would want to call it, but nationality discrimination. He suggested. He suggested an improper motive. And, Your Honor, I'm not sure... But I'm suggesting that he might have... I don't think that's precisely why we're here, Your Honor. I think we're here because 78 to 97 months, 78 to 97 months, a four-year course of conduct, defendant was the admitted leader. Defendant admitted all the imports. I agree with you there. But if you charge a conspiracy, that wouldn't be as significant as it is. If you charge conspiracy, it's significant, but it wouldn't be as significant as it is. Do you agree with that? Potentially, Your Honor. But let me suggest to you that what sets this case apart from cases where a conspiracy is charged also is that the cooperator, Mr. Shrulevich, by his immunized proffer, made the case against himself. I mean, by an immunized proffer, and that's in the record. The only evidence that we had at the time we approached Mr. Shrulevich was some checks. And he came clean. He admitted everything. He got himself an attorney, Mr. Bill Copeny down in Orange County, negotiated with the attorney. The reason I smile is I think that's what a lot of people say. If you've got enough money to get an attorney, you can walk. And if you don't, you're in deep trouble. Well, Mr. Wong got himself an attorney. We don't want to write an opinion that says – I hope you don't want us to write an opinion that says you got an attorney. No, no, it has nothing to – I'm sorry. Maybe I should have mentioned it. It has nothing to do with getting an attorney. It has everything to do with a reasoned decision, not a coerced decision, not an off-the-cuff decision, but a reasoned decision to cooperate with the government. And in doing so, he protected himself by providing this immunized process. I do think that district judges react to that. There's no question about it because they see some. And some of them are former prosecutors who react because they think that the original deal is wrong. That may be right. That may be wrong. But it gets back to Judge Farris's question that is it proper for them to take it into consideration in sentencing? Under post-Booker, or we just reviewed for reasonableness? I don't know. If he hadn't articulated that, would we be here? I'm not sure. We're going to give you Mr. Matthews' time a little bit because we're asking questions, so don't worry about that. But it does remain that this post-Booker world is very puzzling because we're supposed to be just reviewing for reasonableness. And at the end of the day, I guess that's where I'm leading the question. Isn't that what we're here about, just the reasonableness of the sentence? Yes, it is. Yeah. And if Judge – if the district judge had imposed an upward departure, a horrible upward departure in this case, your opponent would be here making the same arguments, failure to consider the factors and so forth, and he would be arguing, at the end of the day, reasonableness. So that's not where we are. I might be, but respectfully – But the other side – The other side, if you'd gone up. Yeah. And I would be defending Judge Reel, you're saying? Yes, yeah. Potentially, Your Honor. But you know that sometimes we do concede error. I think that error in this case is – in these cases now, post-Booker, like you suggested, is difficult. And let me go ahead and make a concession to you so that you can see how serious I am about this argument. If Judge Reel had said, look, you know, I don't like the way you charged it. This guy got a misdemeanor. This guy got seven hours. I don't know that that's – see, I'm speculating, too. I don't know what he was doing. Well, I don't know either. But I saw what he could have been doing. And I think that that's part of the problem. That's part of what makes this unreasonable, is the factual findings that were made, to the limited extent, very limited extent that they were made, I've argued, were clearly erroneous. And subsequent to this submission of this, although it certainly isn't in any way dispositive of this appeal, you know, this Court decided Cantrell and Menowether, which I'm surprised nobody's asked me about yet, but I'm prepared to speak to it, which did indicate that, you know, the factual findings are reviewed for clear error. So this adds to the unreasonableness. But respectfully, Your Honor, if this district court had said something along the lines of what Judge Ferris is saying and departed downward by 20 months, would we be here? Absolutely not. You see, that's what I think. Thirty months. Forty months. And the reason I feel sad is because the other side's not here, and you ought not go home without that. Well, you have an opinion of part of the Court. You're as good as not here. But I only vote once. Well, thank you for your argument. Thank you.
judges: Farris, Fernandez, Thomas